UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**ELLYSE WISSEL, ET AL.,**

  Plaintiffs,

v.                      No. 4:24-cv-00999-P

**RURAL MEDIA GROUP, INC.,**

  Defendant.

## ORDER

Before the Court is Defendant's Opposed Motion for Extension of Time to Answer or Otherwise Respond to Plaintiff's Complaint. ECF No. 11. Having considered the Motion and applicable law, the Court hereby **GRANTS** the Motion. Therefore, the Court **ORDERS** that Defendant file its answer or other responsive pleading **on or before December 20, 2024**.[1]

Additionally, the Court **ORDERS** Plaintiff's counsel, Tyler Somes, to appear in person and **SHOW CAUSE** for why he should not be sanctioned.[2] As described in Defendant's Motion, there are additional

---

[1] The Court directs Defendant to Local Rule 83.10(a), which requires the appearance of local counsel where counsel of record for a party does not reside in this district or maintain their principal office in this district. N.D. TEX. R. 83.10(a). A review of the record reveals that Defendant has yet to comply with Local Rule 83.10(a), as Defendant's counsel is in Houston, Texas. Accordingly, no later than **December 20, 2024**, the Court **ORDERS** that Defendant shall file the entry of appearance of local counsel satisfying the requirements of Local Rule 83.10(a). Failure to do so may result in the imposition of sanctions, Defendant's pleadings, including its answer, being stricken, and/or entry of default without further notice.

[2] As part of his admission to the Northern District of Texas, counsel agreed to read *Dondi Properties Corp. v. Commerce Savings & Loan Assoc.*, 121 F.R.D. 284 (N.D. Tex. 1988) (en banc). Relevant here is the guiding principle that "[r]easonable extensions of time should be granted to opposing counsel where such extension will not have a material, adverse effect on the rights of the client." *Id.* at 294.

complexities in this case given the overlapping case in the Central District of California. And the Court can think of no material, adverse effect on the right of Plaintiff in refusing to agree to Defendant's Motion for Extension.[3] Accordingly, the Court **SETS** a hearing on the matter for **8:30 a.m. on November 26, 2024**, in the Second Floor Courtroom of the Eldon B. Mahon United States Court, 501 W 10th St., Fort Worth, Texas, 76102.

**SO ORDERED** on this **20th day of November 2024.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE

---

[3]Mr. Somes opposition to the extension of time, in contrast with the principles of *Dondi*, is particularly disheartening to the Court given counsel for Plaintiff has already had a case dismissed by this Court for failing to comply with Local Rules as ordered. *See Wissel v. Rural Media Grp.*, 4:24-cv-00925-P (dismissing case for failing to obtain local counsel as Local Rule 83.10(a) requires).

2