# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

|  |  |
|---|---|
| ELLYSE WISSEL; MICHELLE ANDERSON; and MCLAIN MOTT, individually and on behalf of all others similarly situated, | Case No. 4:24-cv-999-P |
| Plaintiffs, | Hon. Mark T. Pittman |
| v. | **DECLARATION OF TYLER K. SOMES IN RESPONSE TO ORDER TO SHOW CAUSE** |
| RURAL MEDIA GROUP, INC., | |
| Defendant. | |

I, Tyler K. Somes, respectfully declare under penalty of perjury, pursuant to 28 U.S.C. § 1746 and based on my own personal knowledge, that the following statements are true:

1.      I am an attorney with Hedin LLP and I represent the Plaintiffs in the above-captioned matter.

2.      I was sworn in to the State Bar of Texas on November 2, 2018.  I was admitted as a full member (*viz.*, not on a *pro hac vice* basis) of the Bar of the United States District Court for the Northern District of Texas on February 25, 2020.

3.      I have read *Dondi Properties Corp. v. Commerce Savs. & Loan Ass'n*, 121 F.R.D. 284 (N.D. Tex. 1988) (en banc).[1]  I fully agree with the standards of professional conduct adopted therein and will take care to apply them in my practice.  As relevant here and noted by the Court, *Dondi* establishes the guiding principle that "[r]reasonable extensions of time should be granted to

---

[1] I understand that *pro hac vice* applicants to the Northern District of Texas are required to certify that they have read *Dondi* as part of their application.  As a full member of this Court's bar, I have not completed a *pro hac vice* application to appear in this District.  Nevertheless, I believe I have conducted myself in this action in accordance with the standards set forth in *Dondi*.

opposing counsel where such extension will not have a material, adverse effect on the rights of the client." *See* ECF No. 12 (citing *Dondi*, 121 F.R.D. at 294).

4.      Plaintiffs filed the above-captioned action in this Court because a mandatory venue selection clause in the Terms of Service of the website identified in the complaint submits the parties (and the putative class members) to the "exclusive jurisdiction of the state and federal courts sitting in the County of Tarrant in the State of Texas and waives and jurisdictional, venue or inconvenient forum objections to such courts." ECF No. 1, ¶ 39.  Pursuant to this venue selection clause, Plaintiffs and the putative class members possess a contractual right to have the claims asserted in this action adjudicated in this venue.

5.      On November 18, 2024, counsel for Defendant called me and requested a second extension of time to answer the complaint.  I politely indicated that I would confer with my team and provide a timely response via email.  I also asked whether Defendant was engaged in any class-wide settlement negotiations with plaintiff's counsel in a related case pending in the Central District of California, styled *Lindsy Saarloos v. The Cowboy Channel, LLC*, No. 5:24-cv-2058 (C.D. Cal.).  Defendant's counsel politely indicated that she would respond via email.

6.      On November 19, 2024, Defendant's counsel sent me an email stating that Defendant was, in fact, engaged in class-wide settlement negotiations with the plaintiff's counsel in the *Saarloos* action.  *See also* Def.'s Opposed Mot. for Extension of Time to Answer or Otherwise Respond to Pl.s' Compl. (the "Opposed Motion") (ECF No. 11) ("RMG is exploring the possibility of an early resolution on a class-wide basis in *Saarloos*, which may moot this case.").

7.      As Defendant acknowledges in the Opposed Motion, an early class-wide settlement in the *Saarloos* action would moot this case, posing an adverse, material risk to my clients' rights to have their claims adjudicated in the contractually-designated venue.  *See* ECF No. 11.

8.      Given this risk, I believed that the best way to protect my clients' and the putative class members' rights to litigate in the contractually-designated venue was to advance this case beyond the motion to dismiss stage so that Plaintiffs could bring and receive a ruling on a motion for appointment of interim class counsel, which, if granted, would prevent the claims from being released through an early settlement in the improper California forum.

9.      In considering Defendant's request for a second extension of time, I was also mindful that Defendant had been on notice of Plaintiffs' claims since at least September 30, 2024— fifty days prior to the existent answer deadline—when Defendant was served in the case styled *Wissel, et al. v Rural Media Group, Inc.*, No. 4:24-cv-925-P (N.D. Tex.) ("*Wissel I*").[2]  *See Wissel I*, ECF No. 5.

10.     I submit this declaration to respectfully show the Court that I possessed a good faith, reasonable basis for opposing a second extension of the answer deadline in order to prevent a material and adverse effect upon my clients' rights within the meaning of the professional standards adopted in *Dondi*.  *See* 121 F.R.D. at 294.

11.     In compliance with the Court's Order to Show Cause, I will appear at 8:30 a.m. on November 26, 2024, in the Second Floor Courtroom of the Eldon B. Mahon United States Court, 501 W. 10th St., Fort Worth, Texas, 76102.

---

[2] *Wissel I* was dismissed without prejudice due to my inadvertent failure to secure local counsel as required by Local Rule 83.10(a).  *See Wissel I*, ECF No. 8.  I sincerely regret and apologize for the waste of judicial resources caused by this oversight.  In recognition of the error, and in an attempt to move this matter along expeditiously, Plaintiffs re-filed the instant action with local counsel the next day after the dismissal without prejudice.

Respectfully submitted,

/s/ Tyler K. Somes
Tyler K. Somes

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of November 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ Tyler K. Somes*
Tyler K. Somes

4